**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| AVRAM GOTTLIEB, | : | CIVIL ACTION NO. 05-3803 (MLC) |
|  | : |  |
| Plaintiff, | : | **MEMORANDUM OPINION** |
|  | : |  |
| v. | : |  |
|  | : |  |
| UNITED STATES OF AMERICA | : |  |
| (Federal Bureau of Prisons), | : |  |
|  | : |  |
| Defendant. | : |  |

**COOPER, District Judge**

The defendant, the United States (the "Government") acting through the Federal Bureau of Prisons ("FBOP"), moves pursuant to Federal Rule of Civil Procedure 56 for summary judgment against the plaintiff, Avram Gottlieb ("Gottlieb") or, in the alternative, to transfer this action to the United States District Court for the Southern District of Indiana. (Dkt. entry no. 9.) For the reasons stated herein, the Court will (1) deny the part of the motion seeking summary judgment, and (2) grant the part of the motion seeking to transfer the action to the Southern District of Indiana.

**BACKGROUND**

Gottlieb is an inmate in the New Jersey State Prison in Trenton, New Jersey. (Compl., at 2.) At all times related to the complaint, Gottlieb was an inmate in the Federal Correctional Institution in Terre Haute, Indiana. (Id.)

Gottlieb claims that on October 22, 2002, he began to experience blurred vision in his right eye and was perceiving flashes of light. (Id., at 11.) The following day, FBOP officials took Gottlieb to Terre Haute Regional Hospital (the "Hospital"), which was under contract with the Government to provide medical care to federal inmates. (Id. at 10, 14; Government Br., at 3, 5.) The FBOP officials remained with Gottlieb during his Hospital stay. (Compl., at 6.) Gottlieb alleges that the Government acted negligently by failing to (1) treat his condition as an emergency, (2) contact the prison ophthalmologist or timely transport him to a facility that could evaluate his emergent eye condition, (3) notify the Hospital of the name of the ophthalmologist who should treat him, and (4) remove him when the Hospital delayed in treating him, and transfer him to a hospital in Indianapolis where an emergency eye evaluation could have been performed immediately. (Compl., at 8-9; Government Br., at 1.) Gottlieb further alleges that as a result of the Government's negligence he suffers from permanent loss of sight in his right eye, frequent and debilitating headaches and emotional distress. (Compl., at 9).

Gottlieb commenced this action against the Government on July 29, 2005 pursuant to the Federal Tort Claims Act. (Government Br., at 1.) On March 25, 2005, the Government moved for summary judgment on the complaint on the basis that (1) the

Hospital is an independent contractor, and thus, the Federal Tort Claims Act does not apply, (2) Gottlieb was contributorily negligent, (3) Gottlieb's claim is time-barred, and (4) venue is improper in the District of New Jersey.  In the alternative, the Government moves to have this action transferred to the United States District Court for the Southern District of Indiana.

## DISCUSSION

The Government argues that venue is improper in this district because (1) Gottlieb is not a resident of New Jersey, (2) none of the alleged events took place in New Jersey, (3) none of the witnesses or documents relevant to this action are in New Jersey, and (4) New Jersey does not have any meaningful connection to this matter.  (Government Br., at 24-27; Government Reply Br., at 5.)  Gottlieb contends that this district is an appropriate venue because he is currently serving a long sentence in the State of New Jersey, and thus, resides in this state. Gottlieb further contends that technology provides solutions for any logistical problems or inconvenience caused by the witnesses to this action being located in Indiana.  (Gottlieb Br., at 10.)

**A. Venue Standard**

28 U.S.C. § ("Section") 1402 provides "[a]ny civil action on a tort claim against the United States under subsection (b) of [The Federal Tort Claims Act] may be prosecuted <u>only in</u> the judicial district where the plaintiff resides or wherein the act

3

or omission complained of occurred." 28 U.S.C. § 1402(b) (emphasis added)  Section 1404 permits a district court "[f]or convenience of parties and witnesses, in the interest of justice," to transfer an action to another district where it "might have been brought". 28 U.S.C. § 1404(a)  This section operates on the premise that venue is proper in the district where the plaintiff commenced the action. Rojas v. Trans States Airlines, Inc., 204 F.R.D. 265, 269 (D.N.J. 2001).  However, when a court determines that venue has been improperly laid in a district, Section 1406 requires the court to dismiss the complaint or "if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."[1]  28 U.S.C. § 1406(a)  Accordingly, when venue is improper in the district where the action was commenced, the

---

[1] The motion requests transfer under Section 1404. However, because venue is improper in this district for the reasons set forth below, Section 1404 does not apply in this case. See Jumara v. State Farm Ins. Co., 55 F.3d 873, 878 (3d Cir. 1995) ("Section 1404(a) provides for the transfer of a case where both the original and the requested venue are proper."); FS Photo, Inc. v. Settle, 48 F.Supp.2d 442, 449 (D. Del. 1999) ("When venue exists in the district in which the case was originally filed, section 1404(a) applies; when venue never existed in the district where the suit was filed, section 1406(a) governs."). Thus, the Court will analyze the Government's transfer request under Section 1406(a). See Bertrand v. Snyder's Gateway, Inc., No. 03-6890, 2004 U.S. Dist. LEXIS 1992, at *6, n.2 (E.D. Pa. Feb. 10, 2004) (explaining that plaintiff's transfer argument was incorrectly based upon Section 1404 because the action's original venue was improper, and stating that the court would instead analyze the transfer issue under Section 1406).

Court has discretion to determine whether dismissal or transfer is appropriate under the circumstances. <u>Minnette v. Time Warner</u>, 997 F.2d 1023, 1026 (2d Cir. 1993).

In deciding whether to transfer pursuant to Section 1404, courts balance various public and private interests, including, the availability of sources of proof, the availability of compulsory process over unwilling witnesses, the location of bookS and records, the familiarity of the trial judge with applicable state law, and practical considerations that could make the trial expeditious or inexpensive. <u>Jumara v. State Farm Ins. Co.</u>, 55 F.3d 873, 879-80 (3d Cir. 1995). A court determining whether to transfer an action pursuant to Section 1406 is not required to balance any specific private or public interests, but instead must simply determine if there is a venue where the action originally "could have been brought" that serves the interest of justice. <u>Rojas</u>, 204 F.R.D. at 269; <u>see also</u> <u>CQ, Inc. v. TXU Mining Co., L.P.</u>, No. 05-1230, 2006 U.S. Dist. LEXIS 4258, at *14 (W.D. Pa. Feb. 3, 2006) (concluding that transfer, rather than dismissal, pursuant to Section 1406 would be in the interest of justice because it would expedite the resolution of the action and dispense of technicalities associated with refiling the complaint in a proper district). The movant bears the burden of demonstrating that venue is improper in the present forum. <u>Lomanno v. Black</u>, 285 F.Supp.2d 637, 640-41 (E.D. Pa. 2003).

5

An action "could have been brought" in another district, if venue is proper in the transferee district, and the transferee district can exercise personal jurisdiction over the defendant. FS Photo, Inc., 48 F.Supp.2d at 449. This is the same meaning attributed to the phrase "might have been brought" in Section 1404. Id.; see also Shutte v. Armco Steel Corp., 431 F.2d 22, 24 (3d Cir. 1970) (stating that an action "might have been brought" in another district pursuant to Section 1404 if venue is proper in the transferee district and the transferee district can exercise jurisdiction over all the parties). Additionally, a court has considerable discretion to determine whether transfer pursuant to Section 1406 is in the interest of justice. Daniel v. Am. Bd. of Emerg. Med., 428 F.3d. 408, 435-36 (2d Cir. 2004) (concluding that transfer under Section 1406 was not in the interest of justice because plaintiffs lacked standing to pursue their antitrust claim). A transfer is not in the interest of justice when, for example, the plaintiff (1) commenced the action in the wrong district for some improper purpose, (2) intended to harass the defendant by filing in a distant venue, or (3) engaged in blatant forum-shopping. FS Photo, Inc., 48 F.Supp.2d at 450 (listing cases). Nevertheless, the purpose of Section 1406 is to remove obstacles that might impede the expeditious adjudication of a plaintiff's case by permitting transfer as an alternative to dismissal. See Goldlawr, Inc. v. Heiman, 369 U.S. 463, 467

6

(1962) ("If by reason of the uncertainites of proper venue a mistake is made, Congress, by enactment of § 1406(a), recognized that 'the interest of justice' may require that the complaint not be dismissed but rather that it be transferred in order that the plaintiff not be penalized by . . . 'time-consuming and justice-defeating technicalities.'") Thus, generally transfer is favored over dismissal.  See id.; Sauers v. Pfiffner, No. 4-88-457, 1989 U.S. Dist. LEXIS 5106, at *10 (D. Minn. March 23, 1989).

**B. Transfer as Applied to this Case**

Transfer of this action to the Southern District of Indiana is appropriate.  Venue has been improperly laid in the District of New Jersey because none of the alleged acts or omissions underlying this action occurred in this district and Gottlieb does not reside in this district.  See 28 U.S.C. § 1402(b)  "A prisoner's place of incarceration is not his residence for venue purposes."[2]  Freddo v. United States, No. 97-4272, 2001 U.S. Dist. LEXIS 9316, at *3, n.2 (E.D. Pa. June 28, 2001) (noting in a footnote that the court could not determine whether venue was proper without information on the plaintiff's residence before incarceration).  "An inmate does not become a resident of a state merely by virtue of his incarceration there if he was a resident of another state before his incarceration and there is no

---

[2] In his brief, Gottlieb offered no case law in support of his position that he is a resident of the State of New Jersey by virtue of his incarceration here.

indication that he intends to relocate to the state of incarceration upon his release." Flanagan v. Shively, 783 F.Supp. 922, 935 (M.D. Pa. 1992) (finding that plaintiff's incarceration in district was insufficient to justify venue in that district under Section 1391(e), which governs venue in non-tort actions filed against the federal government and its employees); see also Ellingburg v. Connett, 457 F.2d 240, 241-42 (5th Cir. 1972) (remanding case for determination of incarcerated plaintiff's residence after noting that a person does not change his residence by virtue of incarceration); Cohen v. United States, 297 F.2d 760, 775 (9th Cir. 1962) (stating that an individual does not change his residence to a prison by virtue of being incarcerated there, and determining that plaintiff received proper notice of a tax assessment that was sent to his pre-incarceration address).  Here, there is no indication that Gottlieb intends to relocate to New Jersey upon his release from prison.  Gottlieb was born in Philadelphia, Pennsylvania. (Government Br., at 7).  According to Gottlieb's medical records from the FBOP, in 1985 a medical staff member wrote that Gottlieb "calls Philadelphia, PA his home."  (Id. at 8.)  In 1996, Gottlieb listed his wife and her Kansas City, Missouri address under the emergency contact section of a medical examination report.  (Id.)  In 1999, Gottlieb informed a FBOP nurse that he was from Kansas City, and the nurse recorded this information in

8

his medical records. (Id.) In his brief in opposition to the motion, Gottlieb does not indicate that he has any connection to the State of New Jersey other than that he is currently serving a long sentence in this state. (Gottlieb Br., at 10.) Therefore, Gottlieb's only connection to New Jersey is his incarceration here, and this is insufficient to justify residency for venue purposes.

Transfer of this action to the Southern District of Indiana is appropriate. First, this action "could have been brought" in the Southern District of Indiana because all of the alleged conduct underlying this action occurred there. Thus, venue is proper in the Southern District of Indiana under Section 1402(b) and that district can exercise jurisdiction over the parties. Second, transfer to the Southern District of Indiana serves the interest of justice because all of the potential witnesses in this action are located in Indiana, as well as potential third-party defendants, against whom Gottlieb has already commenced an action in Indiana. (Government Br., at 26.)

There is no indication that Gottlieb filed the complaint in this district for any improper purpose or motive, or that he engaged in forum-shopping. Accordingly, transfer, rather than dismissal will expedite the resolution of Gottlieb's claims by eliminating the delays associated with refiling, and preventing any injustice that would result from Gottlieb being time-barred

9

from bringing a new action in the Southern District of Indiana. See Minnette, 997 F.2d at 1026-27 (exercising authority under Section 1406 to transfer case in the interest of justice because plaintiff would otherwise be time-barred from commencing a new action).

## CONCLUSION

The Court, for the reasons stated supra, will deny the part of the motion seeking summary judgment, but grant the part of the motion seeking transfer of the action to the Southern District of Indiana.  The Court will issue an appropriate order and judgment.

                                     s/ Mary L. Cooper
                                     **MARY L. COOPER**
                                     United States District Judge